# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON S. MAYO,<br><br>Defendant. | MJ-15-24-BLG-CSO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Cameron S. Mayo's motion to dismiss charges stated in the Information filed on April 13, 2015. *Mayo's Mtn. to Dismiss (ECF 8)*. Relying on Rule 12(b)(3), Fed. R. Civ. P.,[1] Mayo argues that the charges originally asserted in two Violation Notices were dismissed with prejudice, and the United States should not be permitted to proceed on identical charges. For the reasons discussed below, the Court will grant Mayo's motion and dismiss this action.

## I. Background

On September 7, 2014, Officer Bricker issued Violation Notice

---

[1]References to rules are to the Federal Rules of Criminal Procedure unless otherwise indicated.

FBFQ000G charging Mayo with "violating terms and conditions of permit" in violation of 36 C.F.R. § 261.10(1). *See US v. Mayo*, PO 15-5002-BLG-CSO, *Viol. Not. (ECF 1) at 1*. The citation alleged that Mayo exceeded the number of stock allowed at a campsite within the Absaroka-Beartooth Wilderness. *Id. at 1-2*.

On December 13, 2014, Officer Tripp issued Violation Notice FATP0003 charging Mayo with "placing or allowing unauthorized livestock to enter or be in the National Forest System or other lands under Forest Service control, to wit – trespass livestock." *US v. Mayo*, PO 15-5003-BLG-CSO, *Viol. Not. (ECF 1) at 1*. The citation alleged that Mayo allowed unauthorized livestock to enter onto National Forest System land in violation of 36 C.F.R. § 261.7(a). *Id. at 2*.

On February 19, 2015, Mayo, with counsel, appeared before the Court and entered "not guilty" pleas to both charges. PO 15-5002-BLG-CSO *(ECF 3)*; PO 15-5003-BLG-CSO *(ECF 3)*. The Court set the cases for trial to commence on April 16, 2015. *Id.*

On April 13, 2015, the United States filed motions to dismiss "With Prejudice" the two Violation Notices. *ECF 5, 6*. In the motions,

the United States stated that it had filed an Information that day – the case now before the Court – "that charges Mayo with two counts" and noted in each motion that "[t]he allegations contained in each count [of the Information] are duplicative of those found" in the Violation Notices.

The same day, the Court issued orders in both cases granting the United States' motions and dismissing both cases "with prejudice." *See* PO 15-5002-BLG-CSO (*ECF 9*) and PO 15-5003-BLG-CSO (*ECF 7*).

On April 16, 2015, the Court conducted an arraignment on the Information. *ECF 6*. Mayo waived personal appearance (*ECF 5*), and the Court entered a "not guilty" plea on his behalf as to both counts in the Information. *ECF 6*. The Court also entered a Scheduling Order setting deadlines and a June 11, 2015 bench trial date. *ECF 7*.

On April 30, 2015, Mayo filed the motion to dismiss now before the Court.

## II. Parties' Arguments

Mayo advances two principal arguments for dismissal of Counts 1 and 2 of the Information. First, he argues that the Court, on the

United States' motions, already dismissed, with prejudice, the two Violation Notices discussed above. *Mayo's Mtn. and Opening Br. (ECF 8) at 2-3*. Because those charges have been dismissed with prejudice, Mayo argues, they cannot be refiled in federal court.

Second, Mayo argues that he will suffer prejudice if the case is allowed to proceed. *Id. at 3*. He argues that it is unknown why the United States moved to dismiss the Violation Notices with prejudice rather than without prejudice, and that he did not take a position on the motions prior to the Court granting them. *Id*. He also argues that the United States could have sought dismissal without prejudice under Rule 48 but failed to do so. Instead, he argues, the United States moved to dismiss with prejudice only three days before trial.

In response, the United States argues that the Court should deny Mayo's motion to dismiss for three reasons. First, the Information "provided a new vehicle for the charges contained in the [Violation Notices] mentioned above[.]" *United States' Resp. Br. (ECF 10) at 3*. Although acknowledging that "the charges in the Information [are] identical to those found in [the citations]" (*ECF 10 at 2),* the United

-4-

States argues that the form of each is different because they contain different case numbers and, for a time, were pending simultaneously, albeit in parallel actions.  *Id*.  The United States' motion to dismiss the Violation Notices with prejudice, it argues, "simply assured that the government would not be able to bring the same charges again in that same form, by [Violation Notice]." *Id*.

Second, the United States argues that Mayo has failed to present any compelling reason or good cause for dismissal of this case.  *Id. at 3-4*.  The United States moved to dismiss the Violation Notices with prejudice after the Information had been filed "simply [to] eliminate[ ] charges that had become duplicitous . . . [as the charges] found in the Information remain viable."  *Id*.  And, the United States argues, Mayo has not faced jeopardy for any of his alleged conduct, trial has not started, and there has been no fact finding respecting his guilt.  *Id*.

Finally, the United States argues that Mayo cannot claim prejudice because he twice was provided with the factual bases of the offenses – once in the form of the probable cause statement supporting the September 2014 charge and a second time for both charges against

-5-

him in the form of the Information filed in this action.  *Id*.

In reply, Mayo notes that the United States' brief cites no authority.  *Mayo's Reply Br. (ECF 11) at 1*.  He reiterates that the United States, if it wished to dismiss and refile charges, should have proceeded under Rule 48(a).  But, he argues, such a dismissal would have to be entered without prejudice.  *Id. at 1-2*.  Mayo agrees with the United States that jeopardy did not attach because no trial has commenced.  But, Mayo argues, that argument misses the present issue, which is "whether [the United States] erred[ ] when it dismissed with prejudice rather than without prejudice[,]" an error that supports dismissal of this action.  *Id*.

## III. <u>Discussion</u>

In seeking dismissal, Mayo, without citing to a specific subsection, relies on Rule 12(b)(3), a rule that allows pretrial motions raising defenses such as "a defect in instituting the prosecution" and "a defect in the information."  Fed. R. Crim. P. 12(b)(3)(A),(B).  The bases for dismissal listed in Rule 12(b)(3) provide "a nonexclusive list of commonly raised claims under each category to help ensure that such

claims are not overlooked." *Rule 12 Advisory Committee Notes, 2014 Amendments*. From Mayo's arguments, the Court concludes that he challenges a defect in the information because the charges stated therein have been dismissed with prejudice.

Rule 48(a) governs dismissals of criminal charges by the United States. It provides:

> (a) **By the Government**. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.[2]

"Dismissals by the government are generally presumed to be without prejudice unless a contrary intent is clearly expressed." *U.S. v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) (citations and internal quotations omitted). A contrary intent was expressed in the government's motions here. The United States expressly sought orders dismissing the charges with prejudice.

---

[2]Although the dismissed charges were contained in Violation Notices and not in "an indictment, information, or complaint" as Rule 48(a) contemplates, Rule 58, which governs petty offenses and other misdemeanors such as those at issue in this case, provides that the Federal Rules of Criminal Procedure apply to such cases. Thus, Rule 48(a) applies to the United States' motion to dismiss the Violation Notices.

A dismissal "with prejudice" is defined as "an adjudication on the merits, in favor of the defendant." *See Ioane v. Bank United of Texas, F.S.B.*, 232 F.3d 894 (9th Cir. 2000) (unpublished) (*citing Weekes v. Atlantic Nat'l Ins. Co.*, 370 F.2d 264, 268 (9th Cir. 1966)). Thus, the Orders granting dismissal with prejudice of the Violation Notices – which, again, stated charges identical to those in the Information – was an adjudication on the merits of the charges in favor of Mayo. Based on the foregoing authority, the United States' intent, as expressly stated in its motions, to have the charges dismissed with prejudice precludes it from recharging Mayo for the same offenses.

In opposing the instant motion, the United States failed to persuasively argue or demonstrate a legal basis for opposing the dismissal of the Information. The United States cited no authority whatsoever in its response brief and did not attempt to refute or to distinguish the authority cited by Mayo. *See ECF 10*.

Finally, the United States has not moved to set aside or amend the Order dismissing the Violation Notices with prejudice. *See generally United States v. Goodwin*, 15 Fed.Appx. 511, 514 (9th Cir.

2001); *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984)(citing 8A J. Moore, *Moore's Federal Practice § 36.02* at 34 ("inadvertent errors are corrected under Rule 36 'to conform the record to the intention of the court and parties'"). If, as it appears, the motions to dismiss with prejudice were made through error, inadvertence or oversight, the United States could have sought the Court's leave to correct the Orders dismissing the Violation Notices. It has had ample opportunity to do so. But instead the United States seeks to proceed in prosecuting criminal charges that it has dismissed with prejudice. This it cannot do.

## IV.  Conclusion

For all of the foregoing reasons, IT IS ORDERED that Mayo's motion to dismiss (*ECF 8*) is GRANTED, the charges contained in the Information (*ECF 1*) are DISMISSED with prejudice, and all deadlines and settings, including the trial setting, are VACATED.

DATED this 28th day of May, 2015.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge